UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 1:19-cr-429 (PAE) |
| LARRY D. MEYERS, | |
| *Defendant.* | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD**

**LAW OFFICE OF SARA KROPF PLLC**

Sara E. Kropf, Esq.
Daniel M. Portnov, Esq.

1100 H Street
Suite 1220
Washington, DC 20005
Telephone: (202) 627-6900

*Counsel for Defendant*

The Law Office of Sara Kropf ("Kropf Law" or "Counsel") respectfully submits this memorandum of law in support of its motion to withdraw as counsel of record for Defendant Larry D. Meyers ("Mr. Meyers" or "Defendant") pursuant to Rule 1.4 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules") and Rule 1.16(c) of New York State's Rules of Professional Conduct (the "RPC").

## FACTS

Kropf Law respectfully refers the Court to the July 16, 2019 Declaration of Daniel M. Portnov submitted in support of this motion for the relevant facts.

## ARGUMENT

**I.      LEGAL STANDARDS**

Local Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In addition, RPC 1.16(c) provides that a lawyer may withdraw from representing a client when, *inter alia*:

1. "Withdrawal can be accomplished without material adverse effect on the interests of the client" (RPC 1.16(c)(1));

. . . .

4. "The lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal" (RPC 1.16(c)(12)).

Here, withdrawal is appropriate pursuant to both the Local Rules and RPC.

## II. THERE WILL BE NO MATERIALLY ADVERSE EFFECT ON THE INTERESTS OF MR. MEYERS IF THE LAW OFFICE OF SARA KROPF PLLC IS PERMITTED TO WITHDRAW AS COUNSEL

Should this Court grant the instant motion, Mr. Meyers will still be represented by three experienced and highly capable white-collar defense attorneys from McGuireWoods LLP. Attorneys from McGuireWoods LLP have guided Mr. Meyers through much of the pre-Information investigation in this matter, and have familiarity with both the issues in this case and the defendant's role. Most important, Mr. Meyers has expressed confidence in the representation of McGuireWoods LLP going forward. Finally, Mr. Meyers consents to the withdrawal of Kropf Law from his defense team.

Accordingly, the interests of Mr. Meyers will not be adversely affected in any material way upon the withdrawal of the Law Office of Sara Kropf PLLC as his counsel in this action.

## III. THERE IS OTHER GOOD CAUSE FOR THE WITHDRAWAL OF THE LAW OFFICE OF SARA KROPF PLLC

Additional good cause exists for the withdrawal of Kropf Law from this case. As the Court pointed out during the initial hearing on June 5, 2019, a conflict had arisen involving the undersigned in his representation of Mr. Meyers. This conflict necessitated the independent counsel and appearance of Charles Alvarez at Mr. Meyers' Change of Plea hearing on June 27. Withdrawal by Kropf Law will obviate this Court's concerns regarding the undersigned's conflict of interest and allow Mr. Meyers' sentencing to go forward without further and unnecessary delay.

**CONCLUSION**

For the foregoing reasons, the Law Office of Sara Kropf respectfully requests that the Court issue an Order granting this motion to withdraw as counsel of record to Defendant Larry D. Meyers.

Dated: July 16, 2019
      New York, New York　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　LAW OFFICE OF SARA KROPF PLLC

　　　　　　　　　　　　　　　　　　　　By:

　　　　　　　　　　　　　　　　　　　　Sara E. Kropf, Esq.
　　　　　　　　　　　　　　　　　　　　Daniel M. Portnov, Esq.

　　　　　　　　　　　　　　　　　　　　1100 H Street
　　　　　　　　　　　　　　　　　　　　Suite 1220
　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　Telephone: (202) 627-6900
　　　　　　　　　　　　　　　　　　　　sara@kropf-law.com
　　　　　　　　　　　　　　　　　　　　dan@kropf-law.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*